Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ÁNGEL LUIS ROSADO ARROYO<br><br>Recurrente<br><br>v.<br><br>COOPERATIVA DE AHORRO Y CRÉDITO DE ARECIBO<br><br>Recurrido | KLRA202400027 | Revisión Judicial<br>Procedente de<br><br>Caso Núm.:<br>Q-22-283-013<br><br>Sobre:<br>Saldo de préstamo |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de febrero de 2024.

El 19 de enero de 2024, el Sr. Ángel Luis Rosado Arroyo (en adelante, señor Rosado o el peticionario) sometió ante este Tribunal de Apelaciones por derecho propio un *Recurso de revisión administrativa*.[1] En este, señaló la comisión de los siguientes cuatro (4) errores:

1. La denegación de COOPACA a varias solicitudes a través de mi persona por la Sra. Miriam Montalvo Matos, mi compañera conse[n]sual por más de 30 años, socia de COOPACA.

2. Falta de COOPACA de un proceso uniforme para atender casos de socios, hospitalizados, encamados o impedidos a presentarse a hacer alguna gestión en las sucursales.

3. La falta de notificación de acciones ejecutadas en las cuentas de los socios.

4. Desviar **cuál es el propósito real de mi querella**, que es señalar el acto de saldar el préstamo, cuando ya había COOPACA denegado en (3) tres instancia[s] las solicitudes de saldar el préstamo y se depositara el balance restante en la cuenta de ahorro de mi compañera y estuviera disponible ante una eventualidad por su condición de salud.

Luego de así señalar, el señor Rosado expone una serie de sucesos que datan del 18 de octubre de 2021 y señala que desde esa fecha ha estado

---

[1] Ese día, también presentó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia*.

Número Identificador

SEN2024 _____

realizando gestiones con COOPACA en todos los niveles, denunciando la situación y solicitando que se investigue, más todo el mundo hizo caso omiso. Apunta que no es **hasta que decidió radicar una querella** ante la Corporación Pública para la Supervisión y Seguro de las Cooperativas de Puerto Rico (en adelante, COSSEC) que todo cambió.

En su relato, el peticionario manifiesta que lleva años denunciando las acciones de COOPACA y reclama que el récord demuestra que se violó el proceso del saldo del préstamo y el manejo de la situación. Ante ello, nos solicita que aceptemos revisar **la decisión administrativa de la Junta de Directores de COSSEC**; le ordenemos llevar a cabo una investigación en cuanto al proceso para el saldo de préstamos de su fallecida compañera consensual y que impongamos las sanciones a quienes ocultaron la verdad de los hechos.

Atendido el recurso, el 29 de enero de 2024, emitimos *Resolución* ordenándole al peticionario diez (10) días para someter copia de la decisión que señala emitió COSSEC al atender la Querella número Q-22-283-013 a la que hizo referencia en su recurso.[2] El propósito de lo ordenado- según explicamos- fue el poder dilucidar si tenemos jurisdicción para atender el recurso de revisión administrativa sometido por el señor Rosado.

II

-A-

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019). En Puerto Rico, aun cuando los tribunales poseemos

---

[2] El dictamen fue notificado el 30 de enero de 2024, por lo que la aplicación más beneficiosa de Regla 68 de Procedimiento Civil, 32 LPRA Ap. V, R. 68 en favor del señor Rosado establece que el término para someter el documento ordenado venció el **13 de febrero de 2024**.

jurisdicción general, **adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley.** Por tanto, no la podemos atribuir, ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020); S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007). Ello es así, toda vez que la ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal. Allied Mgmt. Group v. Oriental Bank, *supra*; Peerless Oil v. Hnos. Torres Pérez, 186 DPR 239, 250-251 (2012). De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo.

-B-

En lo concerniente al asunto de epígrafe, es importante señalar que el Artículo 4.006 de la Ley de la Judicatura de Puerto Rico, 4 LPRA Sec. 24, *et seq.*, dispone, entre otras cosas, que este Tribunal de Apelaciones conocerá mediante recurso de revisión judicial de las decisiones, órdenes y resoluciones finales de organismos y agencias administrativas. De igual forma, y en cuanto a ello, la Sección 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, establece que una parte adversamente afectada **por una orden o resolución final de una agencia** y que haya agotado todos los remedios ante esta, podrá presentar una solicitud de revisión ante este foro apelativo.[3] La solicitud de revisión deberá ser sometida dentro del plazo de treinta (30) días contados a partir

---

[3] 3 LPRA Sec. 9672.

de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia.[4]

### III

Como señalamos, al recibir el recurso de epígrafe le ordenamos al peticionario a que en el plazo de 10 días nos sometiera copia de la decisión administrativa que nos solicita que revisemos. Asimismo, y tal cual ya indicado, la razón para esta orden es que copia del referido documento no fue suministrado por el señor Rosado cuando inicialmente sometió el recurso. Sin embargo, y pese al término concedido, a esta fecha desconocemos- por no habérsenos puesto en posición de conocer- cuál fue la determinación cuya revisión judicial ausculta el peticionario ante este Tribunal de Apelaciones. Es decir, a esta fecha- en exceso del término concedido- el señor Rosado no ha comparecido en cumplimiento de nuestra *Resolución* del 29 de enero de 2024 a someter copia de la decisión cuya revocación nos solicita.

Nuestra jurisdicción es una de naturaleza apelativa. Por ello, si una persona acude ante nos sin una decisión o adjudicación que podamos revisar, carecemos de jurisdicción para acoger el recurso y atender en los méritos su reclamo. Al final de cuentas, solamente tenemos competencia para conocer en primera instancia de aquellos recursos de *mandamus* y *habeas corpus*.[5] La ausencia de una determinación que podamos revisar causa que no tengamos jurisdicción para entrar en los méritos del reclamo de la recurrente. Por consiguiente, de conformidad con la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83- la cual regula el desistimiento y la desestimación, entre otras razones, por falta de jurisdicción- desestimamos el recurso de epígrafe.

---

[4] Igual plazo está establecido en la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 57, para someter el escrito inicial de revisión administrativa.
[5] Véase inciso (d) del Artículo 4.006 de la Ley de la Judicatura del 2003, *supra.*

## IV

Por los fundamentos expuestos, se desestima el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones